IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 21-CR-2074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUPERSEDING INDICTMENT** |
| vs. | ) | |
| | ) | |
| BILLIE JOE WICKHAM, | ) | Counts 1 - 6 |
| also known as "Bill," and CHARLIE | ) |    18 U.S.C. § 1341: Mail Fraud |
| LYNCH, also known as "Charles | ) |    (Wickham) |
| Lynch," | ) | |
| | ) | Count 7 |
| Defendants. | ) |    18 U.S.C. § 1349: Conspiracy to |
| | ) |    Commit Mail and Wire Fraud |
| | ) |    (Wickham and Lynch) |
| | ) | |
| | ) | Count 8 |
| | ) |    18 U.S.C. § 371: Conspiracy to |
| | ) |    Defraud the United States |
| | ) |    (Wickham and Lynch) |

The Grand Jury charges:

## Introduction

At all relevant times to this Indictment:

1. Dealer-1 was a corporation organized and existing under the laws of the State of Iowa. Dealer-1's headquarters was in the Northern District of Iowa.

2. Dealer-1 was engaged in the business of buying and selling livestock, including swine. Dealer-1 was registered with the Secretary of the United States Department of Agriculture ("USDA") as a "dealer," as that term is defined and used in the Packers and Stockyards Act of 1921 ("the Act"), 7 U.S.C. § 201 *et seq.*, and the regulations promulgated thereunder. Dealer-1 operated livestock buying stations throughout the Northern District of Iowa and elsewhere. Dealer-1 bought swine

from livestock producers and sellers at these stations, and the prices Dealer-1 paid the producers and sellers was based on the numbers, quality classifications, and weights of the swine.

3. Steven Charles Demaray and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH were employees of Dealer-1. Steven Charles Demaray served as a regional buying manager for Dealer-1 from the late 1990s until late 2017. Defendant BILLIE JOE WICKHAM initially was one of Dealer-1's bookkeepers who reported to Steven Charles Demaray but eventually assumed many of Demaray's duties. Defendant CHARLIE LYNCH was involved in sow procurement and marketing for Dealer-1. Steven Charles Demaray and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH each worked within Dealer-1's headquarters with others known and unknown to the grand jury.

## Counts 1 - 6

## Mail Fraud

### The Scheme to Defraud

4. Beginning in about 1999 and continuing through at least March 2021, in the Northern District of Iowa and elsewhere, Steven Charles Demaray, defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, and others known and unknown to the grand jury, did voluntarily and intentionally (1) participate in a scheme and artifice to defraud with knowledge of its fraudulent nature and (2) obtain the money and property of livestock producers and sellers by means of false and fraudulent pretenses, representations, and promises (collectively, "the scheme to defraud").

## Manner and Means of the Scheme to Defraud

5. It was a part of the scheme to defraud that Steven Charles Demaray and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, and others known and unknown to the grand jury, falsely and fraudulently reduced and downgraded the numbers, quality classifications, and weights of swine that producers and sellers had delivered to Dealer-1 at its buying stations throughout the Midwest, including but not limited to stations in the Northern District of Iowa. For example, after receiving numbers, quality classifications, and weights on "sort sheets" via facsimile machine from Dealer-1's station managers, Steven Charles Demaray and defendant CHARLIE LYNCH and others known and unknown to the grand jury would lower the numbers and weights and reduce the quality classifications of the producers' swine arbitrarily. Then, using a manual scale located within Dealer-1's headquarters building or elsewhere, defendant BILLIE JOE WICKHAM and others known and unknown to the grand jury would create false and fraudulent scale tickets bearing the reduced and downgraded numbers, quality classifications, and weights and mark these false and fraudulent scale tickets with the initials of the managers at the buying stations. As Steven Charles Demaray and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH and others known and unknown to the grand jury well knew, the reduced and downgraded numbers, quality classifications, and weights had no basis in fact. By thus falsifying the producers' accounts of purchase with Dealer-1, defendants caused Dealer-1 to create false and fraudulent invoices and to pay less than what was due and owing to those sellers of livestock.

3

6. It was also part of the scheme to defraud that Steven Charles Demaray, and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, and others known and unknown to the grand jury, would direct Dealer-1's station managers throughout the Midwest, including but not limited to stations in the Northern District of Iowa, to reduce and downgrade the numbers, quality classifications, and weights of swine presented by producers for payment. For example, Steven Charles Demaray and defendant BILLIE JOE WICKHAM would instruct station managers to "add a sort" or "buy out" some swine, that is, falsely and fraudulently classify some of the hogs in a producer's load as "no value" hogs to ensure that Dealer-1 would profit on the load. It was part of the scheme to defraud that Steven Charles Demaray and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, and others known and unknown to the grand jury would destroy documents and make false and misleading statements to USDA officials and Dealer-1's customers in order to conceal the scheme to defraud and to lull livestock sellers into a false sense of security about Dealer-1's buying practices as a dealer under the Act. Document destruction, including shredding and burning, was both a routine practice of Dealer-1 and also a specific response when Dealer-1 anticipated that USDA officials were investigating Dealer-1's practices. From time to time, stations managers not only would "add a sort" or "buy out" some swine but also manually manipulate scales to falsely and fraudulently reduce the weight of producers' swine brought to Dealer-1's stations for sale in the Northern District of Iowa and elsewhere.

4

## Execution of the Scheme to Defraud

7. Steven Charles Demaray and defendant BILLIE JOE WICKHAM knowingly executed and attempted to execute the scheme to defraud by knowingly causing to be delivered by United States Mail according to the direction thereon and at the place at which it was directed to be delivered by the person to whom it was addressed as follows:

**Count 1:** On or about November 15, 2016, a mailing containing a false and fraudulent invoice and checks (Nos. 103030 and 103031) payable to Producer-1 in the amounts of $3,439.19 and $5,621.72, respectively, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

**Count 2:** On or about December 19, 2016, a mailing containing a false and fraudulent invoice and check (No. 103325) payable to Producer-1 in the amount of $4,018.36, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

**Count 3:** On or about March 9, 2017, a mailing containing a false and fraudulent invoice and checks (Nos. 104170, 104171, and 104172) payable to Producer-1 in the amounts of $8,701.50, $8,419.93, and $3,501.29, respectively, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

**Count 4:** On or about March 13, 2017, a mailing containing a false and fraudulent invoice and checks (Nos. 104216, 104217, and 104220) payable to Producer-1 in the amounts of $7,610.83, $7,976.62, and $7,724.03, respectively, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

**Count 5:** On or about March 16, 2017, a mailing containing a false and fraudulent invoice and checks (Nos. 104231, 104247, and 104248) payable to Producer-1 in the amounts of $3,608.51, $10,094.66, and $10,132.76, respectively, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

**Count 6:** On or about March 28, 2017, a mailing containing a false and fraudulent invoice and checks (Nos. 104368, 104373, 104389) payable to Producer-1 in the amounts of $8,477.70, $10,553.62, and $9,561.10, respectively, from Dealer-1 in the Northern District of Iowa to Producer-1 at Minneapolis, Minnesota.

8. This was in violation of Title 18, United States Code, Section 1341.

## Count 7

### Conspiracy to Commit Mail and Wire Fraud

9. Paragraphs 1 through 7 above are re-alleged and incorporated herein by reference as if fully set forth herein.

10. Beginning in about 1999 and continuing through at least March 2021, in the Northern District of Iowa and elsewhere, Steven Charles Demaray, and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, did knowingly and intentionally combine, conspire, and agree with persons known and unknown to the grand jury, to commit offenses in violation of Title 18, United States Code, Sections 1341 and 1343, specifically, to commit mail and wire fraud. The manner and means used to accomplish the objectives of the conspiracy included, among others, all of the acts described in Paragraphs 4, 5, 6, and 7 of this Superseding Indictment, regarding the mail as well as means of wire communication in interstate commerce, specifically, facsimile and email transmissions used to transmit false and

fraudulent numbers, classifications, and weights of hogs to and from Dealer-1's headquarters and its stations in furtherance of the scheme to defraud identified in Paragraph 4 above.

11. This was in violation of Title 18, United States Code, Section 1349.

## Count 8

**Conspiracy to Defraud the United States**

12. Paragraphs 1 through 7 above are re-alleged and incorporated herein by reference as if fully set forth herein.

13. Beginning in about 1999 and continuing through at least March 2021, in the Northern District of Iowa and elsewhere, Steven Charles Demaray, and defendants BILLIE JOE WICKHAM and CHARLIE LYNCH, together with others known and unknown to the grand jury, knowingly and intentionally combined, conspired, and agreed to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of a government agency, the USDA, including but not limited to ensuring against unlawful and deceitful practices under Title II, Title III, and Title IV of the Act and their associated regulations.

14. The manner and means used to accomplish the objectives of the conspiracy included, among others, all of the acts described in Paragraphs 4, 5, 6, and 7 of this Superseding Indictment.

15. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Iowa and elsewhere:

7

a. On or about March 9, 2017, creating a false and fraudulent invoice and checks (Nos. 104170, 104171, and 104172) payable to Producer-1 in the amounts of $8,701.50, $8,419.93, and $3,501.29, respectively.

b. On or about March 13, 2017, creating a false and fraudulent invoice and checks (Nos. 104216, 104217, and 104220) payable to Producer-1 in the amounts of $7,610.83, $7,976.62, and $7,724.03, respectively.

c. On or about March 16, 2017, creating a false and fraudulent invoice and checks (Nos. 104231, 104247, and 104248) payable to Producer-1 in the amounts of $3,608.51, $10,094.66, and $10,132.76, respectively.

d. On or about March 28, 2017, creating a false and fraudulent invoice and checks (Nos. 104368, 104373, 104389) payable to Producer-1 in the amounts of $8,477.70, $10,553.62, and $9,561.10, respectively.

A TRUE BILL

s/ Foreperson
Grand Jury Foreperson    Date: 03-02-22

TIMOTHY T. DUAX
Acting United States Attorney

By: *[signature]*

TIMOTHY L. VAVRICEK
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
And filed 3/2/2022
ROBERT L. PHELPS, CLERK

8